JASON T. WOOD *vs.* SCHOOL DISTRICT No. 5 OF THE TOWN OF WARWICK.

MAY 13, 1907.

PRESENT: Douglas, C. J., Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Tax Collector.  Compensation.  Contracts.  Bonds.*

Plaintiff was elected tax collector of the school district for 1903, and held over in the years 1904 and 1905. At the annual meeting in 1905 it was voted that the salary of the collector for collecting the assessment of that year be $200 and that he furnish surety to the amount of $40,000. Plaintiff had previously received the statutory commission of five per cent.

Plaintiff, with knowledge of the above votes, qualified and furnished a surety company upon his bond and collected the tax:—

*Held,* that the fact that the commission of five per cent. provided by Gen. Laws, cap. 50, §§ 4 and 5, is expressly subject to the condition "unless they

shall have agreed . . . for a less sum" shows that that amount is only a maximum compensation, subject to reduction by agreement.

*Held*, further, that plaintiff, qualifying after the passage of the vote fixing the compensation, agreed to accept the fixed compensation of $200 as one of the conditions of performing the duties of the office.

*Held*, further, that the plaintiff was not authorized to incur any expense for a bond to be paid by the district.

ASSUMPSIT to recover compensation as collector of taxes. Heard on exceptions of plaintiff, and overruled.

PARKHURST, J. This action is brought to recover for services and disbursements of the plaintiff as tax collector of School District No. 5 of the town of Warwick.

At the trial in Kent county, before the jury, the plaintiff claimed that as a matter of law he was entitled to five per cent. of the amount collected; that is to say, $1,778.55 for collecting the tax, $130 paid to the surety company on his bond, and $5 for printing; total, $1,913.55. The court disallowed these claims and directed the jury to bring in a verdict for $200, being the amount fixed by vote of the district meeting as the salary of the collector; the plaintiff duly excepted to these rulings and directions, and is now before this court, on his bill of exceptions, seeking a new trial.

The plaintiff was elected tax collector of this district, at the annual meeting for the choice of officers, in April, 1903.

It does not appear that there was any election or attempted election in 1904.

At the annual meeting in 1905 there were three candidates: Mr. King, who received thirty-five votes; Mr. Robinson, who received nineteen votes; and this plaintiff, who received sixteen votes; and the moderator at that meeting declared King elected, although he lacked one of having a majority of the votes cast.

At this latter meeting it was (1st) voted that a tax of $40.00 per $1,000.00 on the taxable property of School District No. 5 of the town of Warwick be levied, etc.: (2nd) Voted that the salary of the collector for collecting the 1905 assessment of taxes be $200.00: (3rd) Voted that the collector of the

1905 assessment of taxes furnish surety to the amount of $40,000.00.

Although Mr. King was declared elected, he never qualified; and this plaintiff held over from his election in 1903.

The trustee declined to give Mr. Wood the tax bill until he had furnished the bond in accordance with the vote of the district. Mr. Wood furnished this bond, received the tax bill, and proceeded with the duties of his office.

Mr. Wood knew these votes were passed, ordering the tax, fixing the compensation of the collector, and prescribing the the amount of the bond, and with this knowledge he proceeded to qualify and collect the tax, without a suggestion that the price voted by the district was not satisfactory. He was under no obligation to qualify as collector; he was simply a holdover officer. He might have refused to give the bond, and have declined to have performed the duties of the office, had he seen fit. He was under no obligation to accept or hold office as collector unless terms satisfactory to him were made; the amount of the bond required was extraordinary, the sum to be collected was unusual, and the salary fixed was much less than the statutory commission of five per cent. provided by Gen. Laws, cap. 50, §§ 4, 5.

The plaintiff appears to claim that, by reason of the fact that he was holding over from a previous election and did not need to take any new engagement, and because his compensation for collection of taxes in previous years was five per cent. on the amount collected, he had therefore in some way acquired a vested right to receive five per cent. on the amount collected in 1905; and that if his acceptance of office and performance of his duties in 1905, after the adoption of the vote fixing the salary at $200, is to be construed as an agreement on his part to accept that sum for his compensation, it is without consideration and void as being an agreement to accept a less sum in lieu of a greater sum to which he was entitled. We do not so construe the law. The fact that the commission of five per cent. provided by the statute, Gen. Laws, cap. 50, §§ 4 and 5, is expressly subject to the condition "unless they shall have agreed . . . for a less

sum'' shows that the five per cent. is only a maximum compensasation subject to reduction by agreement. While it would not be competent for the school district, by vote passed after the collector had qualified and given bond and received the tax warrant for collection, to then proceed to fix a compensation less than five per cent., yet when, as in this case, at the very time when the tax is assessed, and before it was even determined that the plaintiff was to be the collector, the vote assessing the tax is accompanied by a vote fixing the compensation and requiring the bond, it must be held that the collector, afterwards qualifying by giving bond and receiving the warrant and proceeding to collect the tax, agreed to accept the fixed compensation of $200 as one of the conditions of performing the duties of the office. The tax of each year stands by itself, subject to any agreement that may be made with reference to its collection, and it would be absurd to say that because a collector in one year had been allowed to have five per cent. he must thereby have acquired a vested right to receive five per cent. through each year so long as he continued to hold over (as claimed in argument), unless he had made an agreement by specialty, under seal, fixing a lower compensation.

As to plaintiff's claim to recover the amount paid for premium on his bond, $130, it does not appear that the plaintiff was required by vote of the district to give a bond with a surety company as surety; and for all that appears he might have given a personal bond with personal sureties had he seen fit to do so. At all events, he was not either directly or indirectly authorized to incur expense for such bond to be paid by the school district, and there is no ground for his claim to be reimbursed. And the same is to be said regarding the five dollars expended for printing. In the absence of a vote authorizing this expense, it became a personal obligation for which he could not legally require to be reimbursed.

We find no error in the record of the Superior Court. The exceptions are overruled, and the cause is remanded to the

Superior Court for Kent county with direction to enter judgment upon the verdict.

*Edward M. Sullivan and Joseph McDonald*, for plaintiff.

*Samuel W. K. Allen*, for defendant.